Hardin, P. J., and Martin, J., concurred..

Judgment and order reversed and a new trial ordered, costs to abide the event.

---

Lysander T. Millis, as Receiver, etc., Plaintiff, *v.* William J. Pentelow, Formerly Clerk of Oswego County, Respondent.

W. H. Gardenier, Appellant.

*Attorney — application by, for leave to bring an action in the name of a receiver in supplementary proceedings — the attorney has no lien under Code of Civil Procedure, § 66 — General Rule No. 79.*

Upon an appeal from an order denying a motion made by an attorney for leave to bring an action, it appeared that the plaintiff had been appointed a receiver in proceedings supplementary to execution; that in the course of an action brought by the receiver, in regard to property claimed by him as receiver, the county clerk of Oswego county, as the attorney claimed, had been guilty of official misconduct in failing to furnish copies of papers which were or had been on file in his office, and that by reason of this the receiver, as the plaintiff's attorney alleged, had been greatly damaged. Because of which misconduct the plaintiff's attorney asked the court to order the receiver to bring a suit for this damage or to allow him (the attorney) to bring it in the name of the receiver, so far as to permit him to recover enough to repay him for his expenses in his unsuccessful efforts to compel the county clerk to furnish the required papers. Both the receiver and the judgment creditor in the supplementary proceedings were unwilling that such a suit should be brought.

*Held,* that the motion was properly denied ;

That as no action had been commenced, the attorney had no lien under section 66 of the Code of Civil Procedure ;

That if the application was to be regarded as one to permit an action to be brought by the receiver, a fatal objection existed in the fact that there had been no compliance with rule 79 of the General Rules of Practice as adopted in 1888, which provided that leave to bring an action should not be granted a receiver in supplementary proceedings except upon the filing of the written request of the creditor in whose behalf he was appointed, or the giving of a bond with sufficient surety, to the person against whom the action was to be brought, conditioned for the payment of any costs which might be recovered against such receiver.

APPEAL by W. H. Gardenier, attorney for the plaintiff in the above-entitled action, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Oswego on the 22d day of July, 1895, denying his motion, as stated in the notice of motion, for an " order allowing the said action (as above entitled) to proceed, and the said summons and complaint, notwithstanding the countermand of the said plaintiff (receiver) therein, at least to the extent of the attorney's claims and charges for services growing thereout, and for the due prosecution thereof, by service thereof, as indicated by said verified complaint and the facts therein recited, and as an equitable assignee (to that extent) belonging to said attorney therein, and without prejudice to the rights of the said receiver or the beneficiaries he now represents, or to his final accounting as such officer of the court therein, or such further or different relief as the court may deem just and proper."

It appeared that a summons and complaint, with the above title,. had been in fact prepared, and the complaint had been verified by the attorney, and the papers had been served on the defendant's attorney with motion papers — all of which was done apparently without the consent of Millis, the plaintiff named therein.

*W. H. Gardenier* in person, appellant.

*Merrick Stowell,* for the respondent.

MERWIN, J. :

Mr. Millis was receiver in proceedings supplementary to execution.. Mr. Gardenier acted as his attorney in some litigation over property that he claimed as receiver, and in the course of that litigation the county clerk, as Mr. Gardenier claims, was guilty of official misconduct in failing to furnish copies of papers which were or had been on file in his office, by reason of which Millis in his official capacity, as Mr. Gardenier alleges, was greatly damaged. On the motion upon which the order appealed from was made, Mr. Gardenier sought to have the court order the receiver to bring suit for this. damage or allow Mr. Gardenier to bring it in the name of the receiver to the extent of permitting him, Gardenier, to recover, if he could, sufficient to pay him the amount of his charges in his unsuccessful efforts to compel the county clerk to furnish the required papers. The receiver was not willing that the suit should be.

brought, and any steps toward bringing it were not authorized by him. He opposed the motion made by the attorney, and insisted that there was no cause of action against the county clerk. The judgment creditor in the supplementary proceedings was also unwilling that the suit be brought.

If the application of the attorney be deemed a motion for leave to bring the action, it would be a fatal objection to the application that rule 79 of the General Rules of Practice was not complied with. The cause of action is alleged to have accrued to Millis as receiver.

The appellant claims he should have the right to enforce the claim against the county clerk in order to enable him to get pay for his services. Still there is evidence in the papers before the Special Term from which that court had a right to say that the attorney had no just claim against the receiver for services.

The attorney had no lien under section 66 of the Code of Civil Procedure, as no action had been commenced. We are referred to no authority which, under the circumstances here presented, would justify the court in directing the receiver to bring suit, and we fail to find any good reason for disturbing the order.

HARDIN, P. J., and MARTIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements against Wilson H. Gardenier, the appellant.